■ In the Matter of the Claim of Vincent Zona, Respondent, v. Geb & Souhan Yarn Company et al., Appellants, and Special Disability Fund, Respondent. Workmen's Compensation Board, Respondent.— Hamm, J. Appeal by the employer and carrier from a decision of the board denying reimbursement from the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law. The claimant first sustained an injury in 1947. He was compensated for this injury and his case was closed. Because of subsequent intermittent pain the claimant in 1952 submitted to surgery for the removal of a causally related herniated disc. About February 1, 1958, the claimant was hired by the superintendent of the appellant employer. The superintendent took no history "as to his physical fitness as to his type of work" and assumed that "he was physically able to do this type of work." After working three weeks the claimant was absent for seven days. On his return he told the superintendent that the reason for his absence was that "he had had a back injury and it was bothering him some." In June of 1958 the claimant was absent again and the superintendent "found out it was his back." At the hearing before the Referee counsel for the carrier informed the superintendent that the claimant had had surgical intervention for the correction of a ruptured or herniated disc and then asked the superintendent if it was his "impression that the operation for correction of this disc condition leaves the patient with an inability to perform certain types of work." The superintendent answered: "All the ones I have known — have had any doings at all, I haven't seen one yet that come out perfect." The superintendent also testified: "You know somebody had an operation. You know I suppose, you have to favor them a little bit. * * * Well, I don't mean — 'favor'. What I mean is he did his work, as they all do their work. That's all there is to it." And finally the superintendent testified: "Well, knowing that he had an operation — after I knew it, about three weeks after he started to work there, of course you kind of 'tippy-toe' around." The claimant testified that he complained to the foreman of back difficulty after he "didn't show up for work" and told the foreman he was being treated by a physiotherapist but "didn't put that under compensation or anything." In *Matter of Weinberger* v. *Zeibert & Sons* (2 A D 2d 908) in which we affirmed the board's discharge of the Special Disability Fund, the appellants relied on the testimony of an officer of the employer that he "considered the back injury permanent because he had for many years suffered from a back condition which he believed similar to that of claimant" and we said that the board "was clearly warranted in finding unsubstantial the conclusory testimony of this nature, resting as it did on so tenuous a basis." In *Matter of La Count* v. *Kaufman* (23 A D 2d 614) the board stated that the claimant after his second injury "'complained at various times that his back hurt, which led the employer to believe that it was a permanent condition'" and the record also contained the employer's statement that "'any back injury as far as I'm concerned — how can I express it — well, it's expected of being a permanent injury.'" We reversed the board's decision charging the Fund with liability, finding no reasonable basis for the judgment that the board attributed to the employer. In *Matter of Gilson* v. *Bickford's* (12 A D 2d 709) we had occasion to state: "This is not the type of injury which of itself puts the employer on notice of permanency without the necessity of medical proof. The records of this court are replete with back injury cases where even with a disc condition there is no finding of a permanent condition. A disc, if present, is often removed by operation without permanency." It was within the purview of the board's discretionary power to regard as insubstantial the evidence adduced as to what the board

termed "the prerequisite knowledge of a pre-existing permanent physical impairment". The record as a whole contains evidence to sustain the determination of the board (*Matter of Connors* v. *Haywood Floor Co.*, 14 A D 2d 947; *Matter of Weinberger* v. *Zeibert & Sons, supra*; *Matter of Gilson* v. *Bickford's, supra*). Decision affirmed, with costs to respondent Special Disability Fund. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.